BOCA INVESTERINGS PARTNERSHIP, et al., Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. CIV.A. 97–0602(PLF).

United States District Court, District of Columbia.

Oct. 24, 2000.

Diane L. Cafritz, Christopher Kliefoth, William L. Goldman, Melvin White, McDermott Will & Emery, Washington, DC, for Plaintiffs.

Darren D. Farfante, Michael J. Salem, Jonathan D. Carroll, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it plaintiffs' motion to exclude the testimony of Warren D. Matthei, which the defendant proposes to introduce by way of deposition. The bench trial concluded on September 21, 2000, except for issues relating to Mr. Matthei's testimony, certain proposed defense exhibits, and (depending on the Court's rulings on those matters) possible rebuttal evidence from plaintiffs. Now that plaintiffs' motion to exclude has been fully briefed by the parties, the Court rules that the government may not introduce the deposition testimony of Mr. Matthei; Mr. Matthei must appear to testify in person at trial. Plaintiffs' specific objections to Mr. Matthei's testimony will be considered at the time of his testimony.[1]

The defendant seeks to introduce several designated portions of Mr. Matthei's deposition testimony pursuant to Rule 32(a)(3)(C) of the Federal Rules of Civil Procedure, arguing that because Mr. Matthei currently is incarcerated in the Federal Detention Center in Philadelphia, Pennsylvania, he *ipso facto* "is unable to attend or testify" at trial. *See* Rule 32(a)(3)(C), Fed.R.Civ.P. The Rule provides, however, that "[t]he deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds ... that the witness is unable to attend or testify *because of* age, illness, infirmity, or imprisonment." *Id.* (emphasis added). The parties were asked to address the following question: Should a party be permitted to introduce the deposition testimony of a witness under Rule 32(a)(3)(C) when the party is the federal government—the very same government that has the witness in its custody, has the ability to transport and produce the witness, and has not otherwise explained why the witness is unable to attend or testify at trial.

■ There is no case law directly addressing this question and the Advisory Committee Notes provide little guidance. Nevertheless, the Court concludes that the Rule by its terms requires proof of a causal connection between age, illness, infirmity or imprisonment and the inability to attend or testify. Under the Rule, a party is permitted to rely on deposition testimony in lieu of live testimony only when it can demonstrate that the attendance of the witness is not possible "because of" one of several enumerated reasons. The Rule was not intended to apply where the age, illness, infirmity or imprisonment of a witness provides no basis to con-

---

1. Plaintiff seeks to exclude certain portions of the designated deposition testimony on grounds of hearsay, undue prejudice, lack of personal knowledge, and lack of credibility. Plaintiff also challenges Mr. Matthei's mental competence.

clude that the witness is unable to attend or testify.[2]

 Surely a party cannot just cite a witness's age as a justification for nonattendance; the party must explain *why* in the circumstances the witness's age prevents that witness from attending or testifying. Neither can a party simply assert that a witness's sickness or infirmity prevents attendance; the party must describe the illness or infirmity and convince the Court that the illness or infirmity is a genuine obstacle to attendance or to testifying. Similarly, a party cannot claim that an imprisoned witness need not testify in person without explaining why such imprisonment prevents that witness from appearing in person to provide live testimony. Here, the same United States Attorney General who represents the defendant has control over the Federal Bureau of Prisons, which currently has custody of Mr. Matthei, and over the United States Marshals Service, which presumably would be responsible for transporting Mr. Matthei to this courthouse. The Court therefore cannot conclude that Mr. Matthei is unable to attend or testify *because of* his imprisonment.

Admittedly, it is a rare circumstance when a party to a civil action has custody and control over an incarcerated potential witness. The uniqueness of the situation, however, does not negate the clear requirements of or the rationale behind Rule 32(a)(3)(C). The admissibility of Mr. Matthei's deposition testimony turns not on the mere fact of his imprisonment, but on whether that imprisonment is the cause of his asserted inability to attend the trial or to testify. In this case, it is not. The Court concludes that Mr. Matthei is not unable to attend the trial or to testify in person.

Accordingly, it is hereby

ORDERED that the deposition testimony of Warren D. Matthei will not be accepted in lieu of live testimony pursuant to Rule 32(a)(3)(C) of the Federal Rules of Civil Procedure; it is

FURTHER ORDERED that if the defendant wants the Court to consider the testimony of Mr. Matthei in deciding this case, it shall request his presence at trial and, if he consents, provide for his transportation. If Mr. Matthei does not consent to appear at trial, the government shall so notify the Court on or before October 31, 2000, and the Court will issue a writ of habeas corpus *ad testificandum* pursuant to 28 U.S.C. § 2241(c)(5) to secure his presence at trial; and it is

FURTHER ORDERED that plaintiffs' motion to exclude the proposed testimony of Warren D. Matthei [172–1] is DENIED without prejudice. Plaintiff may renew its hearsay and undue prejudice objections, as well as its arguments regarding Mr. Matthei's lack of personal knowledge, lack of credibility and competence, when Mr. Matthei appears to testify at trial.

SO ORDERED.

---

**2.** Testimony by deposition obviously "is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A CHARLES

ALAN WRIGHT, ARTHUR MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2142 at 158 (2d ed.1994).